M. Alieu Iscandari (SBN: 184307)
ISCANDARI & ASSOCIATES
303 Hegenberger Road, Suite 311
Oakland, CA 94621
Telephone: (510) 606-9062
Facsimile: (510) 803-5684
Email: aiscandari@gmail.com
Attorney for Plaintiff
Leo Woodard

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **LEO WOODARD**,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB, POLICE OFFICER DANIEL CANCILLA, DOES 1-50**<br><br>　　　　Defendant | Case No.:<br><br>**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C SECTION 1983, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENCE; INVASION OF PRIVACY;TRESPASS** |

## JURISDICITION

1. This action arises under 42 U.S. C Section 1983. Jurisdiction is based on 28. U.S.C. Sections 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2. The claims alleged herein arose in the City of Est Palo Alto, State of California. Therefore venue and assignment lies in the United States District Court for the Northern District of California, San Francisco Division. 28 U.S. C. section 1391 (b)(2).

1

3. Plaintiff has a legal capacity to sue or be sued and has the standing to bring within action for violation of her own constitutional rights under 42 U.S.C. SECTION 1983 Plaintiff has been and is a permanent resident of San Mateo County in the State of California.

## PARTIES

4. Plaintiff LEO WOODARD, as at all times mentioned herein, sues on her own behalf, is a resident of San Mateo County and has capacity to sue or be sued.

5. Defendants CODE ENFORCEMENT OFFICERS CHRIS GALE and JEROME CALUBAQUIB, are at all times mentioned herein a code enforcement officer for the CITY OF EAST PALO ALTO, and is sued herein in their Individual and Official capacities.

6. Defendant POLICE OFFICER DANIEL CANCILLA was at all times mentioned a Police Officer for the CITY OF EAST PALO ALTO and is sued in his Individual and Official Capacities.

7. In doing the acts alleged herein, Defendants and each of them acted within the course of and scope of their employment for the CITY OF EAST PALO ALTO.

8. Defendants DOES 1-50, are each responsible in some manner for the damages alleged herein. The true names and capacities of Defendants DOES 1-50, are presently unknown to Plaintiff. Plaintiff is informed and believes and therefore alleges on information and belief, that each of them is responsible in some manner for the damages alleged herein.  Plaintiff therefore sues Defendants DOES 1-50, by such fictitious names and will seek leave to amend this complaint to add their true names when the same has been ascertained.

## COMMON ALLLEGATIONS

9. On May 2, 2017 around 2:30 PM Plaintiff was at her place of residence when CODE ENFORCEMENT OFFICERS CHRIS GALE, JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA unlawfully entered Plaintiff's home without consent or an administrative search warrant. Plaintiff was in shock and suffered mental stress and PTSD.

10. Defendants CODE ENFORCEMENT OFFICERS CHRIS GALE, JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA acted intentionally with malice as they searched Plaintiff's home without permission or a search warrant.

11. As a result of CODE ENFORCEMENT OFFICERS CHRIS GALE, JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA wrongful conducts against Plaintiff, Mrs Woodard a 91 year old lady was forced to seek professional service to put under control the severe mental anguish she suffers.

12. The acts and omissions of the defendants and each of them were oppressive and malicious and each of them acted with reckless or callous indifference to the rights of Plaintiff Mrs Woodard.  As a direct and proximate result of defendants' acts and omissions, Plaintiff suffered injuries to his reputation, defamation of his character, emotional and mental anguish, monetary damages and loss of his civil rights guaranteed under the United States and California State Constitutions.

CLAIMS FOR RELIEF
**FIRST CAUSE OF ACTION**
**(42 U.S.C. SECTION 1983)**
**(FOR VIOLATION OF PLAINTIFF'S FOURTH and FOURTEENTH AMENDMENT RIGHTS AND AGAINST DEFENDANTS;  CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA)**

13. Plaintiff alleges and incorporates by reference herein paragraphs 1 through 12.

14. In doing the acts complained of herein, DEFENDANTS; CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA did act under color of state or law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including but not limited to:

(a) the right to privacy and the right to be free from unlawful arrest, search and seizure;

(b) the right not to be deprived of liberty without due process of law:

(c) the right to be free from discrimination based on race or gender; and

(d) the right to equal protection of law;

(e) said rights are substantive guarantee under the Fourth and Fourteenth Amendments of the United States Constitution.

(f) the right to be free from interferences with the zone of privacy protected by the fourth and ninth amendments of the United States Constitution.

15. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 14.

16. Said rights are substantive guarantees under the Fourth and Fourteenth Amendments of United States Constitution.

**SECOND CAUSE OF ACTION**
**(For the Violation of U.S.C. Section 1981)**
**(Against DEFENDANTS; CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA)**

17. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 16.

18. Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA in committing the acts described above engaged in the racially discriminatory misuse of government power;

19. The above-described acts of defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA further deprived plaintiff of the right protected pursuant to 42 U.S.C. section 1981, to the full and equal benefit of all laws and proceedings for the security of persons

4

and property as is enjoyed by citizens of the United States, and to be subjected to like punishment, pains, penalties, taxes, licenses, and expectations of every kind, and to no other; and

20. The conduct of defendants was committed with the intent to deprive Plaintiff of the above –described rights.

21. As a result of the violation of Plaintiff's constitutional rights as alleged herein, Plaintiff suffered injuries and damages, including , but not limited to pain and suffering; emotional distress; loss of enjoyment of life ; special damages, including but not limited to, future income.

WHEREFORE Plaintiff prays as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Invasion of Privacy)**
**(Against CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA)**

22. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 21.

23. Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA entered Plaintiff's home without permission and/or search warrant invading Plaintiff's privacy and exceeded the limits of his authority as a Code Enforcement Officers and Police officers.

24. In doing the acts complained of herein Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA acted with malice, oppression and fraud which justifies the award of punitive damages.

WHEREFORE Plaintiff prays as hereinafter set forth.

# FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA)

25. Plaintiff realleges incorporates by reference herein paragraphs 1 through 24.

26. The conduct of Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA was intentionally outrageous and willful and beyond the scope of conduct that should be tolerated by citizens in a free and democratic society.  CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA committed the outrageous acts aforementioned with the intent to inflict severe mental and emotional distress upon Plaintiff.

27. As a proximate result of Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA's willful and intentional and malicious conduct, Plaintiff was seriously injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering.

28. As a proximate result Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA's willful, intentional and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of general and punitive damages;

WHEREFORE Plaintiff is entitled to an award as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligent infliction Emotional Distress)**
**(Against All Defendants)**

29. Plaintiff alleges and incorporates by reference herein paragraphs 1 through 28.

30. At all times herein mentioned Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA were subject to a duty of care, to avoid causing unnecessary infliction of emotional distress to citizens in the exercise of the Code Enforcement and Police Officer functions; the conduct of Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA, as set forth herein, did not comply with the standard of care to be exercised by reasonable Code Enforcement Officers and Police Officers.

31. As a direct, proximate and foreseeable result of intentional or negligent acts of Defendants, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and continues to suffer extreme emotional and physical distress, all to his general and special damages in an amount to be proven.

WHEREFORE Plaintiff prays as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Negligence)**
**(Against CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA)**

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31.

33. At all times herein mentioned Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA was subject to a duty of care, to avoid causing unnecessary

harm and risk to citizens in the exercise of the code enforcement and Police functions. The conduct of Defendants as set forth herein did not comply with the standard of care to exercise by a reasonable code enforcement officer and Police Officer, thereby proximately causing Plaintiff to suffer invasion of privacy and infliction of emotional distress and trespass to personal property and civil rights violation.

34. At all times herein mentioned Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA individually and/or acting in concert with another negligently committed an outrageous act against Plaintiff which is not tolerated by this civilized society.

**SEVENTH CAUSE OF ACTION**
**(Trespass)**
**(Against CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA)**

35. Plaintiff realleges and incorporates by reference herein paragraphs 1-34.

36. All times herein mentioned, Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA were subject to a duty not to enter Plaintiff's land or Property without permission or warrant. The conducts of CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA as set forth herein, did not comply with Plaintiff's Four and Fourteenth Amendment rights, thereby proximately causing Plaintiff to suffer infliction of emotional distress, trespass to personal property and civil rights violations.

37. The acts and omissions of the Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA were oppressive and malicious. Defendants CODE

ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA acted with reckless or callous indifference to the rights of Plaintiff.  As a direct and proximate result of Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA's acts and omissions Plaintiff suffered injury to his reputation, defamation of his character, emotional and mental anguish, monetary damages and loss of his civil rights guaranteed under the United States and California State Constitutions.

WHEREFORE Plaintiff is entitled to an award as hereinafter set forth

## STATEMENT OF DAMAGES

38. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 37.

39. As a result of the acts and/or omissions of Defendants  CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA, and each of them as alleged herein, Plaintiff is entitled to recover for the damages and injuries, including, but not limited to:

(a) General damage, including, but not limited to damages for pain;

(b) Special damages, including future income and medical expenses;

40. The acts and/or omissions of Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA and each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff. Accordingly, Plaintiff prays for an award of punitive and exemplary damages in amounts to determine according to proof.

41. Plaintiff will also be entitled to an award of attorney's fees and cost pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. Section 1983 and 1988 and/or under other statutes and/or laws.

## JURY TRIAL DEMAND

42. Plaintiff hereby demands a jury trial

## PRAYER

**WHEREFORE,** Plaintiff prays for judgement against Defendants, and each of them as follow:

1. General damages to be determined according to proof;

2. Special damages including, but not limited to past, present and /or futures wages loss. Income and medical expenses;

3. Attorneys' fees pursuant to statutes;

4. Costs of suit;

5. Punitive and exemplary damages in amount to be determined according to proof as to Defendants CODE ENFORCEMENT OFFICER CHRIS GALE, CODE ENFORCEMENT OFFICER JEROME CALUBAQUIB and POLICE OFFICER DANIEL CANCILLA

6. for prejudgment interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.

_____/S/_____

Dated: 10/20/2018                    M. ALIEU ISCANDARI, ESQ.
                                      Attorney for Plaintiff
                                      LEO WOODARD